## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

---

HECTOR RIOS VENEGAS,

     Petitioner,

v.

          No. 1:26-cv-01511-MLG-JHR

GEORGE DEDOS, Warden of Torrance County
Detention Center; MARY DE ANDA-YBARRA,
Director of the El Paso Field Office, U.S. Immigration
Customs Enforcement; TODD M. LYONS, Acting
Director, U.S., Immigration and Customs Enforcement;
DAREN K. MARGOLIN, Director of the Executive
Office for Immigration Review; MARKWAYNE
MULLIN, Secretary of the U.S. Department of
Homeland Security; and TODD BLANCHE, Acting
Attorney General of the United States, in their official
capacities,

     Respondents.

## ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER

Hector Rios Venegas, a Mexican citizen, is detained at the Torrance County Detention Center in Estancia, New Mexico. Doc. 1 at 1-2. Rios Venegas challenges his continued detention and seeks a writ of habeas corpus directing federal immigration authorities to immediately release him from custody, or, in the alternative, to provide him with a prompt bond hearing during which Federal Respondents[1] bear the burden of justifying his detention by clear and convincing evidence. *Id.* at 21. He also requests the entry of an order staying his removal. *Id.* at 18. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to Rios

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of the Torrance County Detention Center.

Venegas's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on behalf of Federal Respondents within ten business days. *See* Doc. 6. The USAO timely filed a response on May 28, 2026. *See* Doc. 8.

Rios Venegas entered the United States without being admitted or paroled and has lived in the United States since approximately 2002. Doc. 1 at 1. He was taken into federal immigration custody on March 29, 2026, after a traffic stop in Immokalee, Florida, for driving without a valid license.[2] *Id.* at 1-2. Since being detained, Rios Venegas has not received a bond hearing because Federal Respondents maintain that he is being detained pursuant to 8 U.S.C. 1225(b)(2)(A)'s mandatory detention provision. *Id.* at 2; *see also* Doc. 8 at 2. Rios Venegas argues that because he was arrested within the interior of the country, his detention is governed by 8 U.S.C. § 1226(a) and he is therefore eligible for an individualized custody determination. Doc. 1 at 8-9. He contends that Federal Respondents' refusal to provide him with a bond hearing is a violation of his due process rights, rendering his detention unconstitutional. *Id.* at 12-16. Rios Venegas further alleges that his detention violates the Immigration and Nationality Act ("INA"). *Id.* at 14, 16.

Whether Rios Venegas is eligible for a bond hearing pursuant to § 1226(a), or whether he is instead subject to the mandatory detention provision provided by § 1225(b)(2)(A),[3] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g., Cortez-*

---

[2] Rios Venegas has no criminal history other than a "minor traffic-related offense, which resulted in a withheld adjudication." Doc. 1 at 8.

[3] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

*Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[4] like Rios Venegas, who has been residing in the United States since approximately 2002. Doc. 1 at 1; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (D.N.J. Oct. 22, 2025) (emphasis omitted) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have already been residing in the United States). Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *See* Doc. 8 at 3 (footnote omitted). The Court therefore concludes § 1226(a) governs Rios Venegas's detention.

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings *at the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (emphasis added). Accordingly, Federal Respondents' reliance on § 1225(b)(2)(A) to detain Rios Venegas without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first

---

[4] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

The Court turns now to the question of remedy. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Yao v. Almodovar*, 813 F. Supp. 3d 461, 477 (S.D.N.Y. 2025) (providing that "[a] bond hearing after the fact, by definition, would not and cannot cure [the] constitutional violation" that occurred when "ICE violated [a noncitizen's] due process rights by arresting and detaining him under § 1226 without any exercise of discretion"); *Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("[A] post-deprivation bond hearing cannot cure the core violation of [a noncitizen's] due process rights that occurred when he was unlawfully detained under a mandatory detention provision without any process for such determination."). "Although . . . release today cannot cure [Rios Venegas's] loss of liberty . . . , this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so." *Yao*, 813 F. Supp. 3d at 477 (S.D.N.Y. 2025).

Of course, this Order does not prevent Federal Respondents from re-detaining Rios Venegas in the future. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). But if they choose to do so, they must do so lawfully, which requires that they promptly provide him with an individualized custody determination that takes into consideration his risk of flight and dangerousness. *See, e.g.*, *Jennings*, 583 U.S. at 306 (explaining that, under federal regulations, noncitizens detained pursuant to § 1226(a) receive a bond hearing "at the outset of detention"); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 400 (E.D.N.Y. 2025) ("Section 1226 . . . provides that detention is discretionary and, if detained, a noncitizen may then request a bond hearing before an immigration judge . . . where the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'" (quoting *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019))).

Rios Venegas's request for a stay of removal is denied because the Court does not have jurisdiction to enter such an order. *See, e.g.*, *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (explaining that the "Real ID Act eliminate[d] a district court's jurisdiction over habeas petitions challenging final orders of removal" and that "petitions for review filed with the court of appeals are 'the sole and exclusive means' of review of most administrative orders of removal, deportation, or exclusion" (quoting 8 U.S.C. § 1252(a)(5))). Even if this were not the case, however, his request is not ripe for the Court's review because Rios Venegas does not appear to have been ordered removed. *See* Doc. 1 at 2 (stating that Rios Venegas's "removal proceedings remain pending"); *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065 (10th Cir. 2012) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted) (quoting

*Texas v. United States*, 523 U.S. 296, 300 (1998))); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) ("In order for a claim to be justiciable under Article III, it must be shown to be a ripe controversy.").

The Court will consider Rios Venegas's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). *See* Doc. 1 at 21; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). Rios Venegas must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and demonstrate that "the position of the United States was not substantially justified."[5] § 2412(d)(1)(B). Federal Respondents must then justify their position. *See Hackett*, 475 F.3d at 1170.

It is hereby ordered:

1. Respondents must immediately release (no later than twenty-four hours from this Order's filing) Rios Venegas from custody, subject to appropriate conditions of supervision. Respondents must promptly inform Rios Venegas's counsel of when and where he will be released.

2. Upon his release, Respondents must return all of his property, including any identification documentation, that was in his possession when he was detained.

---

[5] The Court intends to enter a final judgment following receipt of Respondents' status report.

3.  Respondents must file a status report within three business days of this Order's filing to certify their compliance. The status report shall state when and where Rios Venegas was released.

4.  If Federal Respondents elect to re-detain Rios Venegas, they are enjoined from detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A).

5.  Rios Venegas shall promptly report to the Court any failure on Respondents' part to comply with this Order.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

7